■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v. CHARLES HAMRA, Respondent.— Order, Supreme Court, New York County, entered August 11, 1972, granting reconsideration but adhering to the original decision of order entered April 13, 1972, unanimously modified, on the law, the motion for reconsideration granted, and, on reconsideration, order entered

April 13, 1972, vacated, petitioner-appellant's motion to stay arbitration held in abeyance, and the proceeding remanded for trial of the issue herein defined, without costs and without disbursements. Respondent-respondent police officer was injured in the course of police duty when the police vehicle in which he was seated was struck by a stolen car. Whether petitioner insurance company is entitled to stay arbitration depends on whether the incident was accidental or whether an intentional ramming had taken place. (See *Matter of Kilbride* [*MVAIC*], 62 Misc 2d 641.) Special Term held the motion papers "insufficient to raise a genuine issue as to whether respondent was the victim of an intentional assault." Applying for reconsideration (mistakenly denominated "reargument"), petitioner produced a police record in which it was noted that the driver of the stolen car "did intentionally drive into" the police vehicle. Other information tending to demonstrate that there was at least an issue as to whether there had been an accident or an intentional assault was submitted, with a request for a hearing, reconsideration was granted and the original decision adhered to. Sufficient was shown to justify a hearing on that issue, and it should have been ordered. Concur — Stevens, P. J., Markewich, Nunez, Kupferman and Lane, JJ.